PER CURIAM.
Alphonso Griffin (Griffin) appeals his sentence, arguing that his sentence reflects a scoresheet error. We reverse for resentenc-ing.
Griffin pleaded guilty to two counts of felony petit theft, resisting a merchant, and simple battery, as charged. Griffin committed these crimes on September 1, 1997, in Columbia County. The trial court sentenced Griffin to 26.25 months in prison for the felony petit thefts, and to time served on the misdemeanors, scoring a 1984 conviction as a level 7 offense, over Griffin’s objection.
Griffin’s 1984 conviction for battery on a law enforcement officer while armed should have been scored as a level 5 offense, as the State correctly concedes. (Battery on a law enforcement officer while armed is a violation of section 784.07, Florida Statutes (1983). Section 921.0012(3), Florida Statutes (1997), lists a violation of 784.07(2)(b) as a level 4 offense. Section 775.087(1), Florida *424 Statutes (1997), directs that when an offense is reclassified because of the use of a firearm, it is, for purposes of sentencing, “ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the felony offense committed.”).
The error placed Griffin in a sentencing range of 26.25 to 43.75 months in prison; the correct range is 18.45 months to 30.75 months in prison. This court holds that if a sentencing error places a defendant in a harsher sentencing category than he would have occupied on a correctly calculated score-sheet, then remand for resentencing on a correctly calculated scoresheet is required. Yarrell v. State, 680 So.2d 1127 (Fla. 1st DCA 1996).
Accordingly, we reverse Griffin’s sentence and remand for resentencing on a correctly calculated scoresheet.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.